IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Dennis Johnson,                    :
                    Petitioner            :
                                          :    No.  343 M.D. 2017
        v.                                :
                                          :    Submitted:  May 25, 2018
Frank Noonan, Commissioner                :
Pennsylvania State Police,                :
                    Respondent            :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  July 17, 2018


        Presently before this Court in our original jurisdiction is the application

for summary relief filed by Robert Dennis Johnson (Johnson), *pro se*, in relation to his

petition for review in the nature of mandamus seeking his removal from the registration

requirements imposed on convicted sex offenders under the act known as the Sexual

Offender Registration and Notification Act (SORNA),[1] which is the General

Assembly's fourth iteration of the law commonly referred to as Megan's Law.[2]

---

[1] Section 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§9799.10-9799.41, effective December 20, 2012.

[2] The General Assembly enacted Megan's Law I, Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), which became effective 180 days thereafter.  In response to Megan's Law I being ruled unconstitutional by our Supreme Court in *Commonwealth v. Williams*, 733 A.2d 593 (Pa. 1999), the General Assembly enacted Megan's Law II, Act of May 10, 2000, P.L. 74.  Our Supreme Court held

Johnson was convicted of rape and involuntary deviate sexual intercourse in 1993 and sentenced to an aggregate term of incarceration of 20-40 years. (Petition for Review at ¶4.) At the time of his conviction, Pennsylvania had no statutes requiring Johnson to register as a sex offender. (Petition for Review at ¶9.) However, Johnson was paroled in 2014, at which time he was required to register under SORNA as a Tier III offender. (Petition for Review at ¶5.) SORNA vests regulatory authority with the Pennsylvania State Police (PSP) and the PSP maintains the sex offender registry. (Petition for Review at ¶7.)

On July 19, 2017, our Supreme Court issued a decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), *cert. denied*, __ U.S. __ (2018), which held that SORNA's registration provisions constituted punishment and that retroactive application of these provisions to individuals convicted prior to the enactment of SORNA violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions.[3] Shortly after our Supreme Court's decision in *Muniz*, Johnson filed his

that some portions of Megan's Law II were unconstitutional in *Commonwealth v. Williams*, 832 A.2d 962 (Pa. 2003), and the General Assembly responded by enacting Megan's Law III, Act of November 24, 2004, P.L. 1243. The United States Congress thereafter expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§16901-16945, and the Pennsylvania General Assembly responded by passing SORNA on December 20, 2011, "[t]o bring the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006." 42 Pa. C.S. §9799.10(1). SORNA went into effect a year later on December 20, 2012. Megan's Law III was subsequently struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013). However, by the time that it was struck down, Megan's Law III had been replaced by SORNA.

[3] Article I, Section 10 of the United States Constitution provides, in pertinent part, that, "No State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility." U.S. CONST. art. I, §10. Article I, Section 17 of the Pennsylvania Constitution provides that, "No ex post facto law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed." PA. CONST. art. I, §17.

2

petition for review in the nature of mandamus seeking removal of the registration requirements imposed upon him under SORNA. Johnson alleged that, because his convictions pre-dated the enactment of SORNA, *Muniz* mandates the removal of these requirements.

The Office of Attorney General, on behalf of Frank Noonan, then-Commissioner of the PSP (the Commissioner), filed an answer with new matter, essentially denying the material allegations of Johnson's petition for review. In new matter, the Commissioner asserted that the Commonwealth was required to comply with federal law, namely, the Adam Walsh Child Protection and Safety Act of 2006, which states that registration requirements can be applied retroactively to convicted sex offenders. Additionally, the Commissioner noted that the General Assembly passed SORNA to ensure compliance with this federal law. The Commissioner indicated that, under SORNA, any individual who was required to register with the PSP prior to December 20, 2012, the effective date of SORNA, and did not do so must comply with the SORNA registration requirements. Because Johnson had not fulfilled his registration obligation as of December 20, 2012, the Commissioner averred that he was required to register pursuant to SORNA. The Commissioner further averred that SORNA did not constitute criminal punishment; rather, it merely established a civil registration system. (Answer and New Matter at ¶¶ 13-26.)

The Commissioner recognized our Supreme Court's decision in *Muniz* but noted that, as of the date of filing of its answer with new matter, our Supreme Court had granted a stay in *Muniz* pending an appeal to the United States Supreme Court. The Commissioner characterized the *Muniz* decision as attempting to evade federal law and indicated his belief that the decision would be overturned. Hence, the

Commissioner contended that Johnson's reliance on *Muniz* was misplaced.[4] Finally, the Commissioner contended that SORNA did not violate the due process, *ex post facto*, or any other clauses of the United States or Pennsylvania Constitutions. (Answer and New Matter at ¶¶ 27-39.)

On December 13, 2017, Johnson filed a reply to the new matter denying the material allegations and reiterating that the Supreme Court's decision in *Muniz* was controlling. That same day, Johnson also filed an application for summary relief, reiterating his allegation that the Supreme Court's decision in *Muniz* is controlling and provides him with a clear legal right to relief.[5] The Commissioner filed an answer to this application noting that the United States Supreme Court had not yet ruled on the Commonwealth's petition for a writ of certiorari in the *Muniz* case and any predictions on the outcome of said petition were merely speculative.[6]

In a brief in support of his application, Johnson simply reiterates his allegation that our Supreme Court's decision in *Muniz*, which held that retroactive application of SORNA's sexual offender registration requirements to individuals convicted prior to the enactment of SORNA violated the *ex post facto* clauses of the

---

[4] The Commissioner sought a stay in this case pending a final decision in the *Muniz* case. However, this Court denied the Commissioner's request.

[5] An application for summary relief may be granted if a party's right to judgment is clear and no material issues of fact are in dispute. Pa. R.A.P. 1532(b); *Eleven Eleven Pennsylvania, LLC v. Commonwealth*, 169 A.3d 141, 145 (Pa. Cmwlth. 2017). When ruling on an application for summary relief, "'we must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law.'" *Eleven Eleven*, 169 A.3d at 145 (quoting *Markham v. Wolf*, 147 A.3d 1259, 1270 (Pa. Cmwlth. 2016) (citation omitted)).

[6] The Commissioner's answer to Johnson's application for summary relief was filed on January 10, 2018. Less than two weeks later, on January 22, 2018, the United States Supreme Court denied the Commonwealth's petition for writ of certiorari.

United States and Pennsylvania Constitutions, provides him with a clear right to relief. In his brief in opposition to Johnson's application, the Commissioner concedes that retroactive application of SORNA to Johnson would be invalid in light of *Muniz*. However, the Commissioner notes that the General Assembly enacted new legislation, which was signed into law by the Governor on February 21, 2018,[7] and that any requirement that Johnson register as a sexual offender was the result of this new legislation and not the result of pre-Act 10 SORNA. Hence, the Commissioner contends that Johnson's application must be denied.

At the time of his parole in 2014, Johnson was required to register with the PSP as a sexual offender under the original provisions of SORNA. The Commissioner now concedes that the retroactive application of these pre-Act 10 SORNA registration requirements to Johnson would be invalid in light of our Supreme Court's decision in *Muniz*. Thus, it is clear that Johnson is entitled to summary relief with respect to imposition of the pre-Act 10 SORNA provisions.

Nevertheless, as the Commissioner notes in his brief, Johnson may be subject to the newly-enacted registration requirements set forth in the Act 10 amendments to SORNA. To be clear, this Court makes no determination whether the Act 10 amendments and the specific registration requirements contained therein apply to Johnson.

Accordingly, we grant Johnson's application for summary relief, but only to the extent that Johnson is relieved of any registration requirements under the pre-Act 10 SORNA provisions.

---

[7] *See* Act of February 21, 2018, P.L. 27, No. 10 (commonly referred to as Act 10). Act 10 amended several existing provisions of SORNA and also added several new sections found at 42 Pa.C.S. §§9799.42, 9799.51-9799.75. We note that the Governor recently signed new legislation striking the Act 10 amendments and reenacting new SORNA provisions, effective June 12, 2018. *See* Act of June 12, 2018, P.L. 1952, No. 29.

_____

PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Dennis Johnson,           :
         Petitioner        :
                                :    No. 343 M.D. 2017
       v.                   :
                                :
Frank Noonan, Commissioner    :
Pennsylvania State Police,       :
         Respondent     :

## *ORDER*

AND NOW, this 17th day of July, 2018, the application of Robert Dennis Johnson for summary relief is hereby granted, but only to the extent that Johnson is relieved of any registration requirements under the pre-Act 10 (Act of February 21, 2018, P.L. 27, No. 10) provisions of the Sexual Offender Registration and Notification Act.

_____
PATRICIA A. McCULLOUGH, Judge